UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| SHA-KIL MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 23-276 (RBW) |
| v. ) | |
| ) | |
| DENIS R. MCDONOUGH, Secretary, ) | |
| U.S. Department of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

The plaintiff, Sha-kil Moss, brings this civil action against the defendant, Denis McDonough, in his official capacity as Secretary of the Department of Veterans Affairs, alleging "unlawful payment and withholding of wages, harassment, and whistleblower retaliation[,]" in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219.  Complaint ("Compl.") ¶ 1, ECF No. 1.  Currently pending before the Court is the defendant's motion to dismiss.  See Defendant's Motion to Dismiss ("Def.'s Mot." or the "defendant's motion") at 1, ECF No. 10.  Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that it must sua sponte dismiss without prejudice the plaintiff's Complaint for lack of subject-matter jurisdiction and deny as moot the defendant's motion.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ("Def.'s Mem."), ECF No. 10; (2) the Plaintiff's Motion in Opposition to Defendant's Partial Motion to Dismiss ("Pl.'s Opp'n"), ECF No. 11; (3) the Plaintiff's Memorandum of Law in Opposition to Defendant's Partial Motion to Dismiss ("Pl.'s Mem."), ECF No. 11-1; (4) the defendant's Reply in Further Support of Defendant's Motion to Dismiss ("Def.'s Reply"), ECF No. 15; (5) the defendant's Notice of Supplemental Authority ("Def.'s Notice"), ECF No. 18; and (6) the defendant's Errata ("Damaske Order"), ECF No. 19.

I.      BACKGROUND

The following allegations are derived from the plaintiff's Complaint. The plaintiff "[was] employed by . . . the Department of Veterans Affairs [(the 'Department')] . . . from February 2, 2019[,] until February 2021, as a Criminal Investigator." Compl. ¶ 12. The plaintiff alleges that, during his employment, "[the d]efendant knowingly failed to pay [him] for his work, including scheduled overtime and withheld wages, in violation of the FLSA." Id. ¶ 96. For example, the plaintiff alleges that "overtime hours [ ] were taken from [him]" because the defendant "miscalculated" his "[Law Enforcement Availability Pay (']LEAP[')] hours[.]" Id. ¶ 40. "In addition to the LEAP pay issues," id. ¶ 43, the plaintiff alleges that the defendant owes him "for money taken out of his wages after [he] reach[ed] the biweekly pay cap, but [was] not [ ] paid by the following year despite not reaching the yearly pay cap[,]" id. ¶ 44, in violation of "the law requiring that the [Department] . . . pay the amounts deferred as a lump sum [ ] the following calendar year[,]" id. ¶ 43. Moreover, the plaintiff claims that "[o]ther relevant pay issues include the fact that" he was "not compensated for meal periods by [the d]efendant" or for "night differential for scheduled overtime hours between the duty hours of 6:00[ ]p.m. and 6:00[ ]a.m." Id. ¶ 53. The plaintiff also alleges that he was "unlawfully retaliated against due to reporting the [Department's] wage and labor violations[.]" Id. ¶ 82. The plaintiff seeks, inter alia, "back pay and compensatory damages in the amount of $500,000.00[.]" Id. at 19.

On January 31, 2023, the plaintiff filed his Complaint in this case. See id. at 1. On August 30, 2023, the defendant filed his motion to dismiss. See Def.'s Mot. at 1. The plaintiff filed his opposition and a memorandum in support thereof on September 13, 2023, see Pl.'s Opp'n at 1; Pl.'s Mem. at 1, and the defendant filed his reply on November 20, 2023, see Def.'s Reply at 1. Subsequently, on May 9, 2024, the defendant filed a notice of supplemental authority

"to alert the Court to a recent decision by another judge in this district addressing the question of jurisdiction presented in the instant action."  See Def.'s Notice at 1; Damaske Order at 1.

## II.     ANALYSIS

"Federal [district] courts are courts of limited jurisdiction[,]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and "[a] motion for dismissal under [Federal Rule of Civil Procedure] 12(b)(1) 'presents a threshold challenge to the [C]ourt's jurisdiction[,]'" Morrow v. United States, 723 F. Supp. 2d 71, 75 (D.D.C. 2010) (Walton, J.) (quoting Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987)).  Thus, the Court is obligated to dismiss a claim if it "lack[s] [ ] subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1).  Additionally, "subject matter jurisdiction may not be waived, and [ ] courts may raise the issue sua sponte." Poblete v. U.S. Marshals Serv., 207 F. Supp 3d 1, 2 (D.D.C. 2016) (internal citations omitted) (quoting NetworkIP, LLC v. FCC, 548 F.3d 116, 120 (D.C. Cir. 2008)).  This is because courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)).

The defendant's "position in this litigation is that [the] Court has jurisdiction to entertain [the p]laintiff's FLSA claims."  Def.'s Mem. at 4.  Nevertheless, the defendant concedes that "controlling legal authority in this [Circuit] . . . [is] dispositive of the jurisdictional question and directly contrary to the position of [the d]efendant."  Id.  More specifically, the defendant explains that in Waters v. Rumsfeld, 320 F.3d 265 (D.C. Cir. 2003), the District of Columbia Circuit held that "jurisdiction to hear federal sector claims under the FLSA depends on the Tucker Act," Def.'s Mem. at 5, and that "where, as here, a [p]laintiff has failed to 'clearly and adequately express' an intent to waive their FLSA claims in excess of $10,000, 'the Court of

3

Federal Claims has exclusive jurisdiction to adjudicate those claims, and the district court [is] without jurisdiction to rule on their merits[,]'" id. (quoting Waters, 320 F.3d at 272). However, the defendant asserts that "the [District of Columbia] Circuit's controlling holding in Waters is no longer good law considering the Supreme Court's reasoning in United States v. Bormes, 568 U.S. 6, 19 (2012)." Id. Specifically, the defendant argues that the "discussion in Bormes suggests that a plaintiff need not resort to the Tucker Act to establish district court authority over an FLSA claim." Id. at 5–6. The defendant acknowledges that "the Federal Circuit and judges in this District have declined to adopt [its] position[,]" id. at 6, but nevertheless maintains that "because the [District of Columbia] Circuit has not addressed this issue post-Bormes, . . . this Court has jurisdiction over [the p]laintiff's FLSA claims[,]" id. at 7. The plaintiff "concurs with [the d]efendant's position that, in light of the Supreme Court's reasoning in United States v. Bormes, the [District of Columbia] Circuit['s] holding in Waters v. Rumsfeld no longer controls." Pl.'s Mem. at 3.

"Courts in this circuit have consistently held that claims against the United States brought pursuant to . . . the FLSA . . . must satisfy the jurisdictional requirements of the Tucker Act, 28 U.S.C § 1491, or the Little Tucker Act, 28 U.S.C. § 1346(a)(2)." Johnson v. Lightfoot, 273 F. Supp. 3d 278, 287 (D.D.C. 2017). The Little Tucker Act grants federal district courts and the United States Court of Federal Claims concurrent jurisdiction over "[a]ny [ ] civil action or claim against the United States, not exceeding $10,000 in amount, founded [ ] upon . . . any Act of Congress[.]" 28 U.S.C. § 1346(a)(2). By contrast, "[u]nder the (Big) Tucker Act, claims 'exceeding the $10,000 jurisdictional ceiling . . . are within the exclusive jurisdiction of the Court of [Federal] Claims.'" Waters, 320 F.3d at 270 (quoting Goble v. Marsh, 684 F.2d 12, 15 (D.C. Cir. 1982)). Accordingly, the District of Columbia Circuit has held that "the Court of

Federal Claims has exclusive jurisdiction to adjudicate" FLSA claims in excess of $10,000. Id. at 272. However, "[p]laintiffs whose damages exceed $10,000 may waive all claims greater than $10,000 in order to establish the jurisdiction of the [d]istrict [c]ourt." Goble, 684 F.2d at 13. But, "a plaintiff's waiver . . . must be 'clearly and adequately expressed.'" Waters, 320 F.3d at 271 (quoting Goble, 684 F.2d at 17). In other words, a plaintiff must "expressly disclaim" damages over $10,000. Goble, 684 F.2d at 16; see also Waters, 320 F.3d at 271–72 (concluding that "the plaintiffs did not 'clearly and adequately express' an intent to waive their FLSA claims in excess of $10,000" where they "did not expressly disclaim monetary damages over $10,000"). Unless a plaintiff properly waives his claims in excess of $10,000, "the district court [is] without jurisdiction to rule on their merits." Waters, 320 F.3d at 272.

Here, the plaintiff seeks $500,000 in damages for the alleged violations of the FLSA, see Compl. at 19, which is well in excess of the $10,000 ceiling to accord this Court jurisdiction over this case, see Waters, 320 F.3d at 272. And, the plaintiff has not "clearly and adequately[,]" id. at 271 (quoting Goble, 684 F.2d at 17), waived his claims in excess of $10,000 because he has not "expressly disclaim[ed,]" Goble, 684 F.2d at 16, such damages in his Complaint or in his opposition to the defendant's motion to dismiss, see generally Compl.; Pl.'s Opp'n; Pl.'s Mem. Thus, the Court concludes that it lacks subject-matter jurisdiction over the plaintiff's claims. See Owens v. Thompson, No. 23-cv-662 (TSC), 2024 WL 1328461, at *4 (D.D.C. Mar. 28, 2024) ("Where, as here, the Complaint does not 'clearly and adequately express' an intent to waive FLSA claims in excess of $10,000, 'the Court of Federal Claims has exclusive jurisdiction to adjudicate those claims, and the district court [is] without jurisdiction to rule on their merits.'" (quoting Waters, 320 F.3d at 272)). And, despite the plaintiff's contention that "both parties wish to remain within the jurisdiction of the [d]istrict [c]ourt[,]" Pl.'s Mem. at 3, subject-matter

5

jurisdiction cannot be waived, see Athens Cmty. Hosp., Inc. v. Schweiker, 686 F.2d 989, 992 (D.C. Cir. 1982) ("It is axiomatic that subject[-]matter jurisdiction may not be waived[.]").

The Supreme Court's decision in United States v. Bormes, 568 U.S. 6 (2012), does not alter this Court's conclusion that it lacks subject-matter jurisdiction over the plaintiff's claims. In Bormes, the Supreme Court "consider[ed] whether the Little Tucker Act waives the sovereign immunity of the United States with respect to damages actions for violations of the Fair Credit Reporting Act (['] FCRA['])[.]" Id. at 7.  Holding that it does not, the Supreme Court explained that "[t]he Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies.  In that event, the [law's] specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute." Id. at 12.  Because the "FCRA creates a detailed remedial scheme[,]" id. at 15, the Supreme Court concluded that "only [the statute's] own text can determine whether the damages liability Congress crafted extends to the Federal Government[,]" id. (emphasis omitted).  Thus, the Supreme Court determined that the plaintiffs could not "mix and match [the] FCRA's provisions with the Little Tucker Act's immunity waiver to create an action against the United States." Id.

As the defendant acknowledges, the parties' position—i.e., that Waters is no longer controlling precedent in light of the Supreme Court's reasoning in Bormes—"has been rejected by the Federal Circuit and judges in the District." Def.'s Mem. at 6 (capitalization omitted).  As the Federal Circuit explained in Abbey v. United States, 745 F.3d 1363 (Fed. Cir. 2014), the Bormes decision's

> ruling and its rationale do not extend to [an] FLSA suit.  In sharp contrast to the statute at issue in Bormes, the FLSA contains no congressional specification of a non-Tucker Act forum for damages suits, or any other basis, from which one can infer that application of the Tucker Act would override choices about suing the government embodied in the remedial scheme of the statute providing the basis for

>liability.  That statute-specific conclusion takes the FLSA case outside the reach of the Bormes principle.

Id. at 1370; see also Metzinger v. Dep't of Veterans Affs., 20 F.4th 778, 784 (Fed. Cir. 2021) ("In Abbey, [the Federal Circuit] concluded that Bormes did not upset [the circuit's] precedent applying the Tucker Act to FLSA money-damages claims against the government."). Additionally, following Bormes, at least six other members of this Court have continued to rely on Waters in dismissing FLSA claims over $10,000 for lack of subject-matter jurisdiction.  See Adair v. Bureau of Customs and Border Prot., 191 F. Supp. 3d 129, 134 (D.D.C. 2016) (concluding that "Waters v. Rumsfeld is still good law in light of Bormes" and that the court "lacks jurisdiction to resolve" the plaintiffs' FLSA claims for damages in excess of $10,000); Owens, 2024 WL 1328461, at *4 (same); Order at 2 (Jan. 24, 2024), Damaske v. McDonough, Civil Action No. 23-278, ECF No. 11 (same); Alston v. Bethea, No. 22-cv-3595 (JEB), 2023 WL 4198203, at *3 (D.D.C. June 27, 2023) (same); Atta v. Consumer Fin. Prot. Bureau, No. 18-cv-2033 (ABJ), 2019 WL 13292029, at *2 (D.D.C. Apr. 29, 2019) (same); Johnson, 273 F. Supp. 3d at 287–88, 287 n.5 (same).

This Court agrees that "Bormes does not so clearly override Waters that it removes this [C]ourt's obligation 'to follow controlling circuit precedent until either [the Circuit], sitting en banc, or the Supreme Court, overrule[s] it.'"  Owens, 2024 WL 1328461, at *4 (quoting Alston, 2023 WL 4198203, at *3); see also Order at 2 (Jan. 24, 2024), Damaske v. McDonough, Civil Action No. 23-278 ("The Supreme Court has [ ] not 'eviscerated' the law of this circuit on the question presented" because Bormes "involved a different statute (the Fair Credit Reporting Act), a different issue (waiver of sovereign immunity), in a different posture (a class action lawsuit)"); Adair, 191 F. Supp. 3d at 133 (stating that Bormes "does not directly overrule any precedent in this or any other circuit specifying which court(s) may properly exercise jurisdiction

7

over FLSA claims against the government"). Consequently, "[a]bsent a clear holding to the contrary, the Court must treat Waters as controlling[.]" Order at 2 (Jan. 24, 2024), Damaske v. McDonough, Civil Action No. 23-278. Therefore, because the Court lacks subject-matter jurisdiction over the plaintiff's claims, the Court must sua sponte dismiss the Complaint for want of jurisdiction. See Arbaugh, 546 U.S. at 514 ("[If] a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

Accordingly, it is hereby

**ORDERED** that the plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** for want of subject-matter jurisdiction. It is further

**ORDERED** that the defendant's Motion to Dismiss, ECF No. 10, is **DENIED AS MOOT**. It is further

**ORDERED** that this case is **CLOSED**.

**SO ORDERED** this 15th day of July, 2024.

REGGIE B. WALTON  
United States District Judge